# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR 420-052-1 |
| ) | |
| RAE WINN-YOUNG, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On April 28, 2021, Defendant Rae Winn-Young pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Dkt. Nos. 47, 49, 81. On April 19, 2022, he was sentenced to 110 months' imprisonment with the Bureau of Prisons, followed by three years' supervised release. See Dkt. No. 81 at 2, 3. Defendant did not appeal his conviction or sentence. Now before the Court is Defendant's "Motion to Dismiss" the supervised release portion of his sentence as unconstitutional. Dkt. No. 83.

In order to attack the legality of his sentence, which is what Defendant is trying to do, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Here, Defendant's motion does not reference § 2255 in any way. Nevertheless, the Court intends to recharacterize his motion as a § 2255 motion. See Castro v.

United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. §§ 2255(b) and 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances).

Accordingly, Defendant must notify this Court in writing **within thirty (30) days** hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 arguments he did not assert in the present motion.[1] If Defendant fails to respond to this Order within 30 days, his motion for relief will be recharacterized as a § 2255 motion, the

---

[1] The Clerk is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 arguments on the attached form, including any arguments made in his current motion. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

Clerk will docket it as a new civil action,[2] and his claim will be addressed under the standards applicable to § 2255 motions.

**SO ORDERED** this 29 day of July, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of July 25, 2025.

3